IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Wesley Bentley, <br><br> Plaintiff, <br><br> v. <br><br> Everhart Transportation, Inc., a corporation, and John Doe 1-2. <br><br> Defendant. | C.A. No.: _____ <br><br> **NOTICE OF REMOVAL** |

**TO:** **The Honorable District Court of the United States for the District of South Carolina, Spartanburg Division**

Defendant Everhart Transportation, Inc. (hereinafter "Everhart"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of the removal of this action from the Court of Common Pleas, Spartanburg, South Carolina to the United States District Court for the District of South Carolina, Spartanburg Division. As addressed below, diversity jurisdiction exists in this action. *See*, 28 U.S.C. § 1332(a). In support of this Notice of Removal, Everhart respectfully shows the Court:

**THE COMPLAINT**

1. On January 22, 2021, Plaintiff Wesley Bentley (hereinafter "Plaintiff") commenced a civil action in the Court of Common Pleas of Spartanburg County, South Carolina entitled *Wesley Bentley v. Everhart Transportation, Inc., a corporation and John Doe 1-2*, C.A. No. 2021-CP-42-00229. Everhart was served with the Summons and Complaint on January 27, 2021. A true and correct copy of the original Summons and Complaint and the affidavit of service are attached to this Notice of Removal as **Exhibit 1**. No further proceedings have been had in the state court action.

1

**GROUNDS FOR REMOVAL**

2. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days from the date on which Everhart was served with a copy of the Summons and Complaint.

3. Pursuant to 28 U.S.C. § 1441(b)(1), John Doe #1 and John Doe #2 are fictitious names and must, therefore, be disregarded for purposes of removal. Moreover, neither have been properly joined and served.

4. The Spartanburg Division of the United States District Court for the District of South Carolina is the proper venue because it is the "district and division" embracing Spartanburg County. *See* 28 U.S.C. §§ 1441(a), 121(4).

**A.     Removal Based on Diversity of Citizenship Jurisdiction**

5. This Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441 because, as explained herein, the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and Everhart.

6. At the time of commencement of the action, Plaintiff was and still is a citizen and resident of South Carolina.

7. Everhart is a Tennessee corporation with its principal place of business in Tennessee. Thus, Everhart is a citizen and resident of Tennessee.

8. Therefore, complete diversity exists amongst the parties.

9. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

10.     Although the Complaint does not quantify the specific amount of damages sought by Plaintiff, it does allege that Plaintiff "has suffered and in the future will suffer from: (a) personal injuries; (b) pain and suffering, present and future; (c) mental anguish; (d) loss of enjoyment of life, present and future; (e) past medical expenses; (f) medical expenses in the future; (g) lost wages; (h) permanent impairment and/or disfigurement; (i) punitive damages; and (j) towing, storage, loss of use, and fair market value of his vehicle." (*See* Plaintiff's Compl. ¶ 24(a)-(j)).     While Everhart denies any wrongdoing, the allegations of damages sought in the Complaint for Plaintiff's alleged injuries are substantial and have resulted in judgments and demands in excess of $75,000 in other cases.

11.     In addition, it is well settled that punitive damages sought by Plaintiff must also be considered in any calculation of the amount in controversy. *See, e.g., R.L. Jordan Oil Co. of North Carolina, Inc. v. Boardman Petroleum*, 23 Fed. Appx. 141, 145 n.3 (4th Cir. 2001) ("When calculating the amount in controversy, the district court should consider any special or punitive damages."); *Am. Health & Life Ins. Co. v. Heyward*, 272 F. Supp. 2d 578, 581 (D.S.C. 2003) (holding that claims for punitive damages "must be included in the calculation of the amount in controversy"). While Everhart denies that Plaintiff is entitled to an award of punitive or compensatory damages, the Court should infer from Plaintiff's request for punitive damages that Plaintiff is seeking greater recovery than if they were merely seeking compensation for alleged injuries. *Woodward v. Newcourt Comm. Fin. Corp.*, 60 F. Supp. 2d 530, 532 (D.S.C. 1999) (holding that "[plaintiff's] claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount"). In all, the allegations of the Complaint make clear that Plaintiff's claim for punitive damages, together with his claims for compensatory damages, seeks an amount in excess of $75,000.

12. Accordingly, the record and case law establish that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

13. Everhart submits this Notice of Removal without waiving any defense to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted. Everhart specifically reserves the right to assert, if applicable, any and all defenses enumerated under Rule 12 of the Federal Rules of Civil Procedure or any other affirmative defenses, including those enumerated under Rule 8(c) of the Federal Rules of Civil Procedure, upon the filing of its responsive pleadings within the time allotted under the Federal Rules of Civil Procedure.

WHEREFORE, Everhart prays the above action now pending against it in the Court of Common Pleas for Spartanburg County, South Carolina, be removed therefrom to this Court, that this Court exercise jurisdiction over this action, and that this Court grant such other further relief as this Court deems just and necessary.

Respectfully submitted,

February 26, 2021

s/James A. Bradshaw
James A. Bradshaw (Fed ID #11680)
GALLIVAN, WHITE & BOYD, P.A.
55 Beattie Place, Suite 1200
P.O. Box 10589
Greenville, SC 29603
Telephone: (864) 271-9580
Facsimile: (864) 271-7502

*Attorney for Defendant Everhart Transportation, Inc.*